IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LORA LYNN WANDEL,**
On Behalf of Herself
and All Others Similarly Situated

                                                   Hon.

        **Plaintiff,**                         Case No. 15-cv-

v.                                           **PROPOSED CLASS ACTION**

**GENERAL AUDIT CORP. alone and
dba KEYBRIDGE MEDICAL REVENUE
CARE an Ohio Corporation**

        **Defendants.**

---

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LORA LYNN WANDEL ("Plaintiff" or "Wandel"), on behalf of herself and all others similarly situated, and by way of this Class Action Complaint against the Defendants, says:

### I. PRELIMINARY STATEMENT

1. Plaintiff, on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendants GENERAL AUDIT CORP. alone and dba KEYBRIDGE MEDICAL REVENUE CARE ("KEYBRIDGE") who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and The Regulation of Michigan

Collection Practices Act (RCPA), codified at MCL 445.251 et seq.

3. Such violative collection practices include, *inter alia*, sending consumers written communications that:

    (a) make false, deceptive, and misleading representations that Defendants are allowed and permitted by law to collect a credit card processing fee for credit card payments;

    (b) Collecting and attempting to collect interest and other amounts that are not permitted by law or contract to be collected

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir. 2008).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8). Included among the *per se* violations prohibited in this section are the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f(1).

8. The RCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for collecting a consumer debt. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07-12016-BC, 2007 WL 4326825, at *5 (E.D. Mich. Dec. 10, 2007 (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications… In light of the similarity between 15 U.S.C. § 1692e and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

9. The collection of any amount not expressly authorized in the underlying debt contract is a violation of the FDCPA, regardless of whether the debt collector is engaged in an

abusive practice; and (ii) the notice sent to the debtor that referenced the $5 processing fee violated the FDCPA's prohibition on misleading documents because it implied that the defendant could legally receive this payment. *Quinteros v. MBI Associates, Inc.*, 2014 WL 793138 (E.D.N.Y. Feb. 28, 2014).

10. The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, RCPA, and all other common law or statutory regimes.

11. This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. The Regulation of Collection Practices Act, (RCPA) codified at MCL 445.251 et seq., deals with debt collection practices by "regulated persons" in the State of Michigan. The RCPA applies to debt collectors, banks, and a range of other creditors.

## II. PARTIES

12. Plaintiff is a natural person.

13. At all times relevant to this complaint, Plaintiff resided in the City of Belding, County of Ionia, and State of Michigan.

14. At all times relevant to this complaint, General Audit Corp. (KEYBRIDGE) is a debt collector collecting on medical debt and is incorporated in the State of Ohio.

15. At all times relevant to this lawsuit, KEYBRIDGE maintains its principal resident agent and address at 30600 Telegraph Road, #2345, Bingham Farms, Michigan, 48025.

## JURISDICTION & VENUE

16. Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337.

17. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. § 1367.

18. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because each of the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFF

20. Sometime prior to December 17, 2014, Plaintiff allegedly incurred a financial obligation to somebody that KEYBRIDGE alleges to be "Creditor: Various Accounts ("Obligation")."

21. At some point after Plaintiff's alleged default, the original creditor of the Obligation transferred or assigned the collection of the debt to Defendant.

22. Defendants contend that the Obligation is in default.

23. The alleged Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24. The alleged Obligation is a "claim" or "debt" as defined by MCL 445.251(a).

25. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26. Plaintiff is, at all times relevant to this complaint, a "consumer" or "debtor" as that term is defined by MCL 445.251(d).

27. Plaintiff is informed and believes, and on that basis alleges, that on or about December 17, 2014, Defendant sent a Validation notice for combined accounts of Ms. Wandel of Account # 6121563 and # 6121562 that was assigned, placed, or transferred to KEYBRIDGE.

**Please see Exhibit 1 which is a Sample**. The notice stated that "A $5.00 processing fee will be added to your credit card payment."

28. On or about January 30, 2015, a second notice was sent to Ms. Wandel for Account #6122264. **Please see Exhibit 2 which is a Sample**. The notice stated that "A $5.00 processing fee will be added to your credit card payment."

29. A third notice (but a second notice on Account #6122264) was sent to Ms. Wandel on February 13, 2015. **Please see Exhibit 3 which is a Sample**. The notice stated that "A $5.00 processing fee will be added to your credit card payment."

30. According to its website, KEYBRIDGE markets itself as "a receivables management firm serving businesses of all types nationwide."

31. According to its website, KEYBRIDGE markets itself as providing Healthcare Accounts Receivable Management and Medical Collections to health care providers, hospitals, and physician groups. **Please see Exhibit 4**.

32. Plaintiff is informed and believes, and on that basis alleges, that KEYBRIDGE does purchase debts itself, but rather it is a *servicer* of defaulted consumer debts that are owned by doctors, hospitals or healthcare providers who hire KEYBRIDGE to collect debt. **Please see Exhibit 3**.

33. KEYBRIDGE collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of itself and other debt buyers using the U.S. Mail, telephone, and Internet.

34. KEYBRIDGE is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by MCL 445.251(b).

35. KEYBRIDGE is, at all times relevant to this complaint, a "debt collector" as

defined by 15 U.S.C. § 1692a(6).

36. KEYBRIDGE is, at all times relevant to this complaint, a "collection agency" as that term is defined by MCL 445.251(b).

37. KEYBRIDGE is not a "creditor" as defined by 15 U.S.C. § 1692a(4).

38. The letters at **Exhibit 1-3** were sent or caused to be sent, by persons employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a (6).

39. The letters at **Exhibit 1-3** were sent, or caused to be sent, by persons employed by Defendants as a "collection agency" as defined by MCL 445.251(b).

40. The letters at **Exhibit 1-3** were sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a (5).

41. The letters at **Exhibit 1-3** were sent to Plaintiff in connection with the collection of a "consumer debt" as defined by MCL 445.251(a).

42. The Letters are a "communication" as defined by 15 U.S.C. § 1692a (2). The Obligation arose out of a transaction in which the money, property, insurance, or services are the subject of the transaction that are primarily for personal, family, or household purposes.

43. Defendant violated the FDCPA in that the letters to the Plaintiff and the class members also, *inter alia*, provide a box for the Consumer to complete and provide their credit card information in making payment for the alleged debt. Above the boxes to be filled out with the credit card information box is a statement that "A $5.00 processing fee will be added to your credit card payment."

44. Plaintiff is informed, and believes, and therefore alleges that the letters to Plaintiff and the class members are intended to falsely convey that Defendants are legally permitted to charge a credit card processing fee for credit card payments, when in fact such a fee/charge is

neither authorized by contract nor permitted by law.

45. The additional "$5.00 credit card processing fee" to be charged and collected by Defendants constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt or permitted by law.

46. The Defendants' characterization of the additional charge as a "processing fee" is false, deceptive, and misleading in that it implied that Defendant Keybridge could legally receive this payment or processing fee amount.

47. The characterization of the additional "processing fee" is false, deceptive, and misleading in that it fails to disclose the true nature of the fee and misrepresents the actual amount, if any, of any fee, Defendants might incur.

48. The Defendants' characterization of the additional $5.00 charge as a "processing fee" is false, deceptive, and misleading in that it is well in excess of what any bank or payment-processing entity would charge to process Plaintiff's credit card transaction.

49. The Defendants' characterization of the additional "processing fee" is false, deceptive, and misleading in that Plaintiff understood it to mean, as would the *least sophisticated consumer*, that Defendants are legally entitled to receive the fee when, in fact, they are not legally or contractually entitled to receive it.

## V. POLICIES AND PRACTICES COMPLAINED OF

50. It is Defendants' policy and practice as to the Proposed Class here to send written collection communications, in the form attached as **Exhibit 1-3** in connection with the collection of alleged consumer debts to collect amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692f(1).

51. On information and belief, the Defendants' written communications, in the form attached as **Exhibit 1-3** in charging a processing fee as alleged in this complaint under the Facts Concerning Plaintiff, number in at least the thousands.

## VI. CLASS ALLEGATIONS

52. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

53. Plaintiff seeks to certify two classes as set forth, and defined, *infra*.

54. With respect to the First Plaintiff Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Michigan; (b) to whom KEYBRIDGE sent a written communication materially similar to the form attached as **Exhibit 1-3**; (c) in an attempt to collect a debt on behalf of KEYBRIDGE that was incurred for personal, family, or household purposes; (d) which was not returned as undeliverable by the United States Postal Service; (e) during the period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

55. With respect to the Second Plaintiff Class, this claim is brought on behalf of a class of (a) all persons with addresses in the State of Michigan; (b) to whom KEYBRIDGE sent a written communication materially similar to the form attached as **Exhibit 1-3**; (c) in an attempt to collect a debt on behalf of KEYBRIDGE that was incurred for personal, family, or household purposes; (d) which was not returned as undeliverable by the United States Postal Service; (e) during the period beginning six years prior to the filing of this action and ending 21 days after the filing of this action.

56. The identities of all class members are readily ascertainable from the business

records of KEYBRIDGE and/or General Audit Corp., and the unknown creditor of the Obligation.

57. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and each of their respective immediate families, and legal counsel for all parties to this action and all members of their respective immediate families.

58. There are questions of law and fact common to First Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' initial written communications, in the form attached as **Exhibit 1-3**, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e (10), 1692f, and 1692f (1).

59. There are questions of law and fact common to Second Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' initial written communications, in the form attached as **Exhibit 1-3**, violate MCL 445.251(a), (e), (g) and (q).

60. The Plaintiff's claims are typical of the class members, as all claims are based upon the same facts and legal theories.

61. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

62. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that

the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications, in the form attached as **Exhibit 1-3**, violate 15 U.S.C. §§ 1692e and 1692f as well as MCL 445.251(a), (e), (g) and (q).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein: Is each class member being asked to pay a $5.00 processing fee not authorized by the original contract.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

63. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, who collect debts throughout the United States of America.

64. Certification of a class(es) under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that a determination that KEYBRIDGE's written communications, in the form attached as **Exhibit 1-3**, the RCPA and FDCPA and would permit Plaintiff and the Plaintiff Classes to obtain injunctive relief pursuant to MCL 445.257(1).

65. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

66. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

67. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

68. Defendants violated the FDCPA. Defendants' violation, with respect to their

written communications in the form attached as **Exhibit 1** include, but are not limited to, the following:

 (a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

 (b) Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

 (c) Making false, deceptive, and misleading representations concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B)

 (d) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

 (e) Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

 (f) Collecting amounts that are incidental to the principal obligation, which amounts are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §§ 1692e, 1692e (2), 1692f, and 1692f (1).

## VIII. SECOND CAUSE OF ACTION

(The Regulation of Collection Practices Act, (RCPA))

69. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

70. KEYBRIDGE violated MCL 445.251(a), (e), (g) and (q) in the form attached as **Exhibit 1-3** including, that attempt to collect interest or a charge, processing fee, or expense

incidental to the obligation that is not expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

## IX. PRAYER FOR RELIEF

71. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the First Plaintiff Class as previously set forth and defined *supra*;

(ii) An award of the maximum statutory damages for Plaintiff and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) An award of actual damages for Plaintiff and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(1);

(iv) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendant's collection letters, which is attached hereto as **Exhibit 1-3**, and which is complained of herein, violates the FDCPA;

(v) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:

(i) An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and MCL 445.257 and

(i) appointing Plaintiff and the undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above.

(ii) An award of actual damages for Plaintiff and the Second Plaintiff Class, including all amounts collected for the "$5.00 processing fee," pursuant to MCL 445.257(2) in an amount to be determined by the Court on Motion or at trial;

(iii) For injunctive relief for Plaintiff and the Second Plaintiff Class pursuant to MCL 445.257(1);

(iv) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudicating that KEYBRIDGE's collection conduct complained of herein violates the violates the RCPA;

(v) Attorney's fees, litigation expenses, and costs pursuant to MCL 445.257(2); and

(vi) For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

*s/ Brian P. Parker*
Brian P. Parker, Esq. (P48617)
LAW OFFICES OF BRIAN PARKER, P.C.
2000 Town Center, Suite 1900
Southfield MI 48075
Telephone: (248) 642-6268
Facsimile: (248) 659-1733
E-Mail: brianparker@collectionstopper.com

*Attorneys for Plaintiff, Lora Lynn Wandel, and all others similarly situated*

Respectfully submitted this 21st Day of January 21, 2016.